**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TYOJUANA LENARD, individually and on behalf of those similarly situated, ) ) ) | |
| *Plaintiff*, ) ) | Case No. |
| v. ) ) | Judge: |
| HJE SUBS, LLC ) ) | |
| *Defendant*. ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Tyojuana Lenard (hereinafter "Plaintiff" or "Lenard"), brings this Collective and Class Action Complaint individually and on behalf of others similarly situated against Defendant HJE Subs, LLC (hereinafter "Defendant) to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), the Missouri Minimum Wage Law ("MMWL"), and Missouri Revised Statute §290.100. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys. Further, Plaintiff alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Tyojuana Lenard is a resident of St. Louis, Missouri.

2.      Defendant HJE Subs, LLC is Missouri company whose principal office is located at 214 N. Clay, Suite 210, Kirkwood, Missouri 63122.

3.      At all relevant times herein, HJE Subs, LLC operated Jimmy John's franchise restaurants as employers and/or joint employers and/or single employers of Plaintiff's during the relevant time period.

1

4.      Defendant owns and operates Jimmy John's franchised locations under one or more franchise agreements with Jimmy John's Franchise, LLC.

5.      Plaintiff worked for Defendant at two Jimmy John's locations (13 N. Euclid Ave. St. Louis, MO 63108 and 3822 Laclede Ave., St. Louis, MO 63108) from approximately September 2019 through April 2020.

6.      Plaintiff is a covered employee under the FLSA.

7.      Defendant was/is the employer and/or joint employer and/or single employer of Plaintiff and hundreds of other current and former employees that Defendant has misclassified as "exempt" under the FLSA in order to make them work long hours and deny them overtime pay.

8.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.      Venue is proper in this district because Defendant conducts business in this district and a substantial part of the events giving rise to the claims occurred in this district.

10.     Defendant is subject to personal jurisdiction in this district.

**PLAINTIFF SPECIFIC FACTS**

11.     Even though Plaintiff worked in excess of 40 hours per workweek, Defendant failed and refused to pay her at a rate of one and one-half times her normal rate of pay for all hours worked in excess of 40 hours.

12.     Although this happened numerous times, provides the pay period of February 19, 2020 through March 3, 2020 as an example of Defendants illegal pay scheme:

   (a) Plaintiff worked 81.85 hours as an "Assistant Manager" at the Laclede Station location;

   (b) Plaintiff worked 56.64 hours as "Hourly" at the Euclid location;

13.     Thus, Plaintiff worked 138.49 hours over a two week pay period, or, approximately 69.245 hours per work week.

2

14.     Therefore, Plaintiff is entitled to, based on currently available timesheet data, 29.245 of overtime per week.

15.     Plaintiff was only paid for, on average, 5.52 hours of overtime, leaving an overtime pay deficit of 23.725 hours, which, for Plaintiff whose normal rate of pay is $13 per hours, equates to $462.64 per week (23.725 x $13 x 1.5).

16.     The fact that Plaintiff was required to work at two separate locations has not bearing on Defendant's overtime pay obligations.

17.     In fact, the structure of Defendant's staffing / pay practices shows a system set up to avoid having to pay full overtime wages.

## CLASS AND COLLECTIVE ALLEGATIONS

18.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and a class and subclasses of persons similarly situated and seeking relief, and defined as:

**The FLSA Collective**
All current and former workers employed by Defendant who were not paid one and one-half times his or her normal rate of pay for all hours worked over 40 hours in a workweek within three years preceding the date of filing this action through final judgment in this matter, and who elect to opt-in to this action;

**The Missouri Overtime Subclass**
All current and former workers employed by Defendant who were not paid one and one-half times his or her normal rate of pay for all hours worked over 40 hours in a workweek within three years preceding the date of filing this action through final judgment in this matter;

**The Missouri Pay Reduction Subclass**
All current and former workers employed by Defendant who had their pay reduced without receiving 30 day's written notice, as required by REV. STAT. MO. § 290.100.

The FLSA Collective and The Missouri Overtime Subclass, and the Missouri Pay Reduction Subclass are collectively referred to herein as the "Collective" or the "Subclasses" unless otherwise indicated.

Plaintiff reserves the right to add, amend, modify, or further define the Collective or Subclasses and/or

to move for certification of a collective or classes or subclasses defined differently than set forth above depending on the facts or law as discovered in this action.

19.     Plaintiff asserts claims against Defendant individually and on behalf of all Collective and Subclass members for violations of the law as set forth below.

20.     The members of the Collective and Subclasses are ascertainable from objective criteria.

21.     If necessary to preserve the case as a collective or class action, the Court itself can redefine the Class or Subclasses, create additional subclasses, or both.

22.     The requirements of Rule 23(a) are satisfied for the proposed classes because the members of the proposed classes are so numerous and geographically dispersed that joinder of all its members is impracticable.

23.     Upon information and belief there are more than 40 Missouri Overtime and Pay Reduction Subclass members.

24.     Therefore, the "numerosity" requirement of Rule 23(a)(1) is met.

25.     The commonality requirement of Rule 23(a)(2) is satisfied because there are questions of law or fact common to Plaintiff and the other members of the proposed Collective and Missouri Subclasses that predominate over questions affecting only individual members of the Collective and Missouri Subclasses. Among those common questions of law or fact are, but are not limited to, the following:

   a.   whether Defendant failed to pay adequate wages to employees in violation of the FLSA.

   b.   whether Defendant violated the Missouri Minimum Wage Law and supporting regulations;

   c.   whether Defendant employed Plaintiff and the Missouri Subclass Members within the meaning of the MMWL;

   d.   whether Defendant paid Plaintiff and Missouri Subclass Members at the proper wage rate for all hours worked;

4

     e.    whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Missouri Subclass Members, and other records required by the MMWL; and

     f.    whether Defendant reduced Plaintiff's and the Missouri Subclass's pay rate without written notice.

26.    Plaintiff's claims are typical of the claims of the proposed classes that she seeks to represent, as described above, because they arise from the same course of conduct and policies and procedures of Defendant and are based on the same legal theories. Further, Plaintiff has sustained legal injuries arising from Defendant's conduct, as alleged herein, and Plaintiff seeks the same forms of relief for herself and the proposed classes. Therefore, the "typicality" requirement of Rule 23(a)(3) is satisfied.

27.    Because her claims are typical of the proposed classes that Plaintiff seeks to represent, Plaintiff has every incentive to pursue those claims vigorously. Plaintiff has no conflicts with, or interests antagonistic to, the proposed classes. Plaintiff, a victim of Defendant's illegal pay practices and violations of federal and state minimum wage laws, is committed to the vigorous prosecution of this action, which is reflected in their retention of competent counsel experienced in complex and challenging litigation.

28.    Plaintiff's counsel satisfies the requirements of Rule 23(g) to serve as counsel for the proposed class. Plaintiff's counsel (a) has identified and thoroughly investigated the claims set forth herein, (b) has been in the past, and is currently, involved in complex wage-and-hour litigation; (c) has extensive knowledge of the applicable law; and (d) is committed to the vigorous prosecution of this action on behalf of the proposed class. Accordingly, Plaintiff satisfies the adequacy of representation requirements of Rule 23(a)(4).

29.    In addition, this action meets the requirements of Rule 23(b)(2). Defendant has acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed

classes, making final injunctive or corresponding declaratory relief with respect to the proposed classes appropriate.

30.     This action also meets the requirements of Rule 23(b)(3). Common questions of law or fact, including those set forth above, exist as to the claims of all members of the proposed classes and predominate over questions affecting only individual class members, and a class action is the superior method – if not the only method – for the fair and efficient adjudication of this controversy.

31.     Class treatment will permit large numbers of similarly-situated workers to prosecute their respective claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce. Further, by prosecuting this case as a collective or class action, class members, who may be current employees of Defendant's, may receive just compensation for the work performed for Defendant without fear of retaliation for seeking just compensation.

32.     Further, notice may be provided to members of the proposed class by including notice with each potential class members paycheck stub, first-class mail to addresses maintained for each employee by Defendant, and through the alternative means, including text messaging, electronic mail (email), social network posting (i.e, Facebook posts), and job-site postings.

33.     Finally, the collective action mechanism is an appropriate method for the fair and efficient adjudication of this controversy given the following:

    a.   all putative Collective members are "similarly situated;"

    b.   common questions of fact and law predominate over any individual questions that may arise, such that the class action mechanism is superior to other available means for the fair and efficient adjudication of this dispute;

    c.   there will be enormous economies to the Court and the parties in litigating the common issues in a class action instead of individual claims;

d.   class treatment is required for optimal resolution of this matter and for limiting the court-awarded reasonable legal expenses incurred by class members;

e.   if the size of individual class members' claims are small, their aggregate volume, coupled with the economies of scale in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with the cost of individual litigation; and

f.   the trial of this case as a class action will be fair and efficient because the questions of law and fact which are common to the Plaintiff, the Collective, and the Subclasses predominate over any individual issues that may arise.

**FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff Tyojuana Lenard and the FLSA Collective**

34.    At all relevant times, Defendant has been, and continues to be, an employer and/or joint employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35.    At all relevant times, Defendant employed Plaintiff as an employer and/or joint employer and employed or continues to employ each of the Collective Action Members, within the meaning of the FLSA.

36.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

37.    Plaintiff, and those similarly situated, consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See*, Exhibit 1, Consent to Join.

38.    The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq* apply to Defendant.

39.    At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay overtime compensation to its similarly-situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

40.     As a result of Defendant's willful failure to compensate their employees, including Plaintiff and the Collective Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41.     As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and all others similarly situated, is entitled (a) to recover from Defendant's unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

42.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION
### Missouri Minimum Wage Law – Unpaid Overtime Wages
### On Behalf of Plaintiff Tyojuana Lenard and the Missouri Overtime Subclass

43.     At all relevant times herein, Plaintiff and the proposed putative Rule 23 Subclass have been entitled to the rights, protections, and benefits provided under the MMWL.

44.     The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. § § 290.500(3) and (4), 290.505.1, RSMo.

45.     During all times relevant to this action, Defendant was the "employer" of Plaintiff and the Subclass within the meaning of the MMWL. § 290.500(3), (4), RSMo.

46.     During all times relevant to this action, Plaintiff and the Missouri Subclass were "employees" withing the meaning of the MMWL. § 290.500(3) RSMo.

47.     Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one-and-one-half times the regular rate in which such employees are employed for all work performed in excess of 40 hours in a workweek. . § 290.505.1, RSMo.

48.     Defendant, pursuant to their common policy and practice, violated the MMWL by refusing and failing to pay Plaintiff and the Employee Class overtime wages required under the MMWL. § 290.505.1, RSMo.

49.     Plaintiff and the Missouri Subclass are victims of a uniform policy, practice, and scheme of Defendant to avoid payment of overtime wages they were otherwise entitled to as employees.

50.     Plaintiff and the Missouri Subclass are entitled to damages equal to all unpaid overtime wages due within two years preceding the filing of this Complaint plus periods of equitable tolling, along with an additional equal amount as liquidated damages. § 290.527, RSMo.

51.     Plaintiff and the Missouri Subclass are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

52.     Defendant is liable under § 290.527, RSMo. for Plaintiff's costs, expenses, and reasonable attorneys' fees incurred in this action.

### THIRD CAUSE OF ACTION
### MO Rev Stat §290.100 – Deficient Notice of Reduction of Wages
### On Behalf of Plaintiff Tyojuana Lenard and the Class

53.     At all relevant times, Defendant employed Plaintiff within the State of Missouri.

54.     On or about March 27, 2020, Plaintiff was informed that she would receive a reduction in pay of $2.00 per hour.

55.     This notice was given via phone, and was not given in writing.

56.     The reduction in pay took effect retroactively, and Plaintiff was never given 30 day's notice, as required by Mo. Rev. Stat. § 290.100.

57.     As such, Plaintiff and the Class are entitled to $50.00 per person and costs of suit.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff, individually and on behalf of all others similarly situated, pray for relief as follows:

A.  an order from the Court certifying the Collective identified herein as an FLSA collective action;

B.  an order from the Court certifying the Missouri Subclasses identified herein as a class action pursuant to Fed. R. Civ. P. 23(b) and (c) and appointing Plaintiff class representative and her counsel to represent the Subclasses;

C.  an order from the Court awarding Plaintiff, the Collective, and the Missouri Overtime Subclass members their unpaid wages in an amount to be proven at trial;

D.  an order from the Court awarding Plaintiff and Missouri Overtime Subclass members compensatory damages in an amount to be proven at trial;

E.  an order from the Court awarding Plaintiff and Missouri Overtime Subclass members liquidated damages in an amount set by applicable law and to be proven at trial;

F.  an order from the Court awarding Plaintiff and Class and Subclass members pre-judgment and post-judgment interest, as well as reasonable attorneys' and expert-witness fees and other costs as may be available under law;

G.  an order from the Court awarding each Missouri Pay Reduction Subclass member $50.00; and

H.  an order from the Court awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

Dated: April 30, 2020

Respectfully Submitted:

By: */s/ Brandon M. Wise*
Brandon M. Wise – MO Bar #67242
Paul A. Lesko – MO Bar #51914
**PEIFFER WOLF CARR KANE & CONWAY, APLC**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@pwcklegal.com
Email: plesko@pwcklegal.com

COUNSEL FOR PLAINTIFF
AND THOSE SIMILARLY SITUATED